UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

    Plaintiff,

v.

MAJA, INC,
d/b/a Sedanos Supermarket #4, and
H&H AT FLAGLER 67, LLC.

    Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff, Jesus Gonzalez, by and through the undersigned counsel, hereby sues Defendant, Maja, Inc, d/b/a Sedanos Supermarket #4, and Defendant, H&H at Flagler 67, LLC, for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendant, Maja, Inc, and Defendant, H&H at Flagler 67, LLC, are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff, Jesus Gonzalez ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. § 12102(1)(A)(2), 28 C.F.R. § 36.105(b)(2) and 28 C.F.R. § 36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

5. Defendant, Maja, Inc, is a Florida profit corporation, authorized to do business within the state of Florida, which upon information and belief is the owner and operator of a supermarket business known as "Sedanos Supermarket #4", located at 6709 W Flagler Street, Miami, FL 33176, subject property to this action, (hereinafter "Operator", "Lessee", or "Maja").

6. Defendant, H&H at Flagler 67, LLC, is a Florida limited liability company, which upon information and belief is the owner and operator of the commercial real property identified as Folio: 01-4002-002-1820, with the post address of 6709 W Flagler Street, Miami, FL 33176, and subject property to this action, (hereinafter "Owner", "Lessor", or "H&H at Flagler 67").

## FACTS

7. Defendant, Maja, Inc, is the owner and operator of the Sedanos Supermarket #4, located at 6709 W Flagler Street, Miami, FL 33176, which is open to the general public and therefore a place of public accommodation, and the subject to this action is also referred hereto as "Sedanos #4" or "Subject Property".

8. At all times material hereto, Defendant, H&H at Flagler 67, LLC, has been the owner of the commercial property that houses "Sedanos #4", at all times hereto operated by Defendant, Maja, Inc.

9. As the owner/operator of "Sedanos #4", which is open to the public, Defendant, "Maja" is defined as a place of "public accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment," per 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(2)

10. On October 14, 2023, Plaintiff personally visited the "Sedanos #4", but due to the fact that he perambulates with the assistance of a wheelchair, Plaintiff was denied full and equal access, and enjoyment of the facilities, services, goods, and amenities, because of the architectural barriers met at the Subject Property

11. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by the operator of "Sedanos #4" (Defendant, "Maja"), and by the owner of the commercial property which houses "Sedanos #4" (Defendant, "H&H at Flagler 67").

12. As the owner and operator of the "Sedanos #4", Defendant, "Maja", and the need to provide for equal access in all areas of its facility. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its facility is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

13. As the owner of commercial property which built out and utilized as a supermarket, an establishment that provides goods/services to the general public, Defendant,

"H&H at Flagler 67", is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7) and 28 C.F.R. §36.104.

14. As the owner of commercial property, which is built as a public accommodation, Defendant, "H&H at Flagler 67", is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

15. As a result of the joint and several discriminations by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

16. Plaintiff continues to desire to patronize and/or test the "Sedanos #4" operated by Defendant, "Maja", and located at the commercial property owned by Defendant, "H&H at Flagler 67", but continues to be injured in that he continues to be discriminated against due to the barriers to access within that restaurant which are in violation of the ADA.

17. Any and all requisite notice has been provided.

18. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

### COUNT I – VIOLATIONS OF TITLE III OF THE ADA

19. The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30

years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

20. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

21. Prior to the filing of this lawsuit, Plaintiff personally visited the "Sedanos #4" with the intention to use of their services, and/or test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

22. Defendant, Maja, Inc, and Defendant, H&H at Flagler 67, LLC, have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at the Subject Property in derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

23. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the commercial property use as "Sedanos #4".

24. Defendants are jointly and singularly governed by the ADA and must comply therewith. However, Defendants have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

25. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

26. Defendant, H&H at Flagler 67, LLC, the commercial property, which houses Defendant, Maja, Inc, d/b/a Sedanos Supermarket #4, are in violation of 42 U.S.C. §12181 *et seq.*, the ADA and 28 C.F.R. §36.302 *et seq.*, and both Defendants, Defendant, Maja, Inc, (operator) and Defendant, H&H at Flagler 67, LLC, (owner of the commercial property) (jointly and severally), are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

**Double door from store to Men's Accessible Restroom**

    i. The plaintiff had difficulty going through the door without been hit by the door, as it closes too fast. Violation: Door closing time is less than 5 seconds. Section 404.2.8.1 of the 2010 ADA Standards, whose resolution is readily achievable.

    ii. The plaintiff had difficulty opening the door without assistance, as it does not have the required door pressure. Violation: Door has a non-compliant opening force. Section 4.13.11 of the ADAAG and 404.2.9 of the 2010 ADA Standards, whose resolution is readily achievable.

**Men's Accessible Restroom**

    iii. The plaintiff could not lock the restroom without assistance, as the door has non-compliant locking hardware. Violation: Non-compliant locking door hardware, requiring grasping and turning of the wrist to operate, violating Section 4.13.9 of the

Gonzalez v. Maja, Inc.
Complaint for Injunctive Relive

    ADAAG and Section 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The plaintiff could not enter the restroom without assistance, as the door has a non-compliant hardware. Violation: Non-compliant knob-type door hardware, requiring grasping and turning of the wrist to operate, violating Section 4.13.9 of the ADAAG and Section 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due to an encroaching item (Trash can). Violation: The trash bin is encroaching over the accessible water closet clear floor space. Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory bottom supply and/or drainpipes are not fully wrapped or maintained due to the lack of maintenance violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar does not have the required clearance. Violation: The toilet water tank is mounted under the rear wall grab bar not providing the required clearance. Section 4.26.2 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**WHEREFORE,** Plaintiff, Jesus Gonzalez hereby demands judgment against Defendant, Maja, Inc, d/b/a Sedanos Supermarket #4, and Defendant, H&H at Flagler 67, LLC. Defendant, H&H at Flagler 67, LLC, (owner of the commercial property) and Defendant, Maja, Inc, (lessee of the commercial property and operator of the Sedanos Supermarket #4 located therein) and requests the following injunctive and declaratory relief: The Court declare that Defendants have violated the ADA;

a) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

b) The Court enter an Order requiring Defendants to alter the commercial property and the establishment located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Respectfully submitted on this November 10, 2023.

By: */s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*